IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BERNARD D WILSON,

    Plaintiff,

v.                                                CASE NO. 5:12-cv-13-MP-GRJ

INSPECTOR GENERAL
WHITE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C § 1983, and has been granted leave to proceed as a pauper. Plaintiff is proceeding pursuant to a third amended complaint which is now before the Court for screening under 28 U.S.C § 1915(e).[1]

Plaintiff's complaint stems from incidents that occurred while he was confined at Gulf Correctional Institution. Plaintiff alleges that he provided prison officials with information implicating another inmate, Hooper, in a prison murder. He contends that beginning in July 2011 various prison officials ignored his requests for protective custody or affirmatively subjected him to a risk of harm by identifying him as a "snitch." According to the complaint, these events culminated in an attack upon Plaintiff in September 2011 by inmate Otis Harrell, an alleged associate of Hooper, the inmate that Plaintiff implicated in the murder. Plaintiff names nine employees of Gulf CI or DOC officials as defendants, and contends that all defendants failed to protect him from the

---

[1]Plaintiff's original complaint was deficient because he failed to use the Court's form. Plaintiff filed a first amended complaint, but that pleading was stricken because it was unsigned. Doc. 9.

attack, in violation of his Eighth Amendment rights. The undersigned concludes that Plaintiff has sufficiently stated a claim upon which relief may be granted as to two Defendants, and the Court will enter a separate order directing service on those Defendants. The undersigned recommends that Plaintiff's claims be dismissed with respect to the remaining seven defendants.

## Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted." To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line

from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). Accordingly, prison officials have a duty to protect prisoners from each other. *Id*. at 833; *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (inmates have "a constitutional right to be protected from the constant threat of violence and from physical assault by other inmates"). In order to constitute "deliberate indifference," the prison official must have subjective knowledge of the risk of serious harm, and must nevertheless fail to reasonably respond to the risk. *Farmer*, 511 U.S. at 837-38. A prison official must also have a sufficiently culpable state of mind to be deliberately indifferent. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Plaintiff must allege an affirmative causal connection between each specific Defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler,* 802 F. 2d at 401.

## Allegations of Complaint

Plaintiff alleges that he informed the following named defendants of his need for protection, and that such officials ignored his requests or told him that because he was already in disciplinary confinement they would not house him alone unless he was fighting with a cellmate: Captain Addison, Classification Officer Jackson, Sergeant

Dawson, Inspector Hightower, Inspector General White, Officer Cobb, Sergeant Palmer, Dr. Thomas, and Warden Halley.

Plaintiff alleges that in July 2011 Addison and Jackson knew that he had informed against Hooper, but denied his request for protective management. He alleges that he submitted a request form to Dawson and Inspector Hightower advising them of his information about Hooper. In August 2011 Senior Inspector General White interviewed Plaintiff and took his statement implicating Hooper in the murder. Plaintiff expressed concern about being housed in the same unit as Hooper, and White assured him that his main concern was for Plaintiff's safety. White did not take steps to place Plaintiff in protective custody.

Plaintiff alleges that immediately following the interview with White, Officers Cobb and Stephens questioned him about the interview and asked if he "snitched" on Hooper. Plaintiff alleges that Cobb stated loudly "Hooper, Wilson's snitching on you!"

On August 18, 2011, Sgt. Dawson placed Gabriel Lugo in Plaintiff's cell. Plaintiff wrote Dawson a note stating that Lugo was Hooper's gang brother. Dawson read the note and then smiled at Plaintiff.

On August 30, 2011, Plaintiff attended a disciplinary hearing and told Addison and Jackson that he wanted protective management, but his request was denied. Plaintiff alleges that he subsequently attempted to hang himself with a sheet in his cell. He was escorted to suicide observation, and during the escort told the officers that he was facing a risk of harm. Dr. Thomas, a psychologist, visited Plaintiff in suicide observation, and Plaintiff told Thomas that he was afraid of being attacked because he informed against Hooper. Thomas told Plaintiff that he could not do anything.

Plaintiff returned to disciplinary confinement on August 31, 2011. He alleges that Dawson said "you thought you were gonna get away that easy? I got something else for you." Dawson then placed an unnamed inmate in Plaintiff's cell "who was known for fighting." Plaintiff informed other officers of his concerns, but was told that he could not be placed on protective management. Plaintiff declared a psychological emergency and was placed in a cell alone at the request of a nurse.

On September 1, 2011, Dawson placed inmate Marshall, an affiliate of Hooper's, in Plaintiff's cell. Marshall told Plaintiff that Dawson asked him to assault Plaintiff, but Marshall did not want to get into trouble. Plaintiff sent letters to his family, Mr. White, Inspector Hightower, Officer Bullard, expressing his fear of being harmed and asking for protection. Plaintiff submitted a grievance to Warden Halley. He submitted an emergency grievance to the Secretary of the DOC but it was returned without action.

On September 6, 2011, Dawson placed Harrell in Plaintiff's cell. Plaintiff alleges that Harrell was known to be violent and was placed in disciplinary confinement for battery on a staff member, and that Dawson was aware that Harrell was affiliated with Hooper. Harrell told Plaintiff that Hooper told Harrell to attack Plaintiff if he did not recant his statement. Plaintiff agreed to do so.

On September 8, 2011, Plaintiff attended a disciplinary hearing and informed Sergeant Palmer of Harrell's threat to harm him. Palmer refused to move Plaintiff to a different cell. On September 18, 2011, Harrell received a message from Hooper, and then told Plaintiff that he was going to "beat his ass" if Plaintiff did not write the statement that Hooper wanted. Plaintiff refused, and Harrell attacked him. Plaintiff contends that he suffered abrasions, lacerations, and a broken nose.

While Plaintiff's allegations show that he requested protection from defendants, Plaintiff has alleged no facts showing that any defendants other than Dawson and Palmer knew he faced a risk of harm from *Harrell*, the inmate who attacked him. Plaintiff has therefore failed to allege that the remaining Defendants had the requisite subjective knowledge of a risk of serious harm. Because Plaintiff alleges no facts indicating that any officers other than Dawson and Palmer were aware of a substantial risk of serious harm to him *from Harrell* and failed to take protective measures, his claim against the other defendants fails. *Murphy v. Turpin* 159 Fed. Appx. 945, 948, 2005 WL 3455813, 3 (11th Cir. 2005).[2] (failure-to-protect claim fails where Plaintiff alleged no facts indicating that defendants had subjective knowledge of a risk of serious harm from the inmate that attacked plaintiff, although plaintiff had requested protection from other inmates) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1027 (11th Cir.2001) ( en banc) ("officials, to be liable [for violating the Eighth Amendment], must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk")).

As to Dawson and Palmer, Plaintiff alleges that Dawson knew that Harrell was an associate of Hooper's when he placed Harrell in Plaintiff's cell, and that Dawson had placed other violent inmates in Plaintiff's cell specifically to have Plaintiff assaulted. Plaintiff alleges that he told Palmer that Harrell threatened him prior to the assault, and she again refused to move Plaintiff. Thus, as to Defendants Dawson and Palmer, the Court finds that Plaintiff's allegations are sufficient to state a claim for failure to protect

---

[2]Although unpublished opinions are not binding on this Court, they are persuasive authority. 11th Cir. R. 36-2.

him from an assault by Harrell. *See Murphy* 2005 WL 3455813, 3.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted as to all defendants except Dawson and Palmer, pursuant to 28 U.S.C § 1915(e). A separate order shall issue directing service upon the remaining defendants.

**IN CHAMBERS** at Gainesville, Florida this 1at day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**